STATE, ALETTA M. HEGEMAN ET AL., PROSECUTORS, v. THE
MAYOR AND CITY COUNCIL OF PASSAIC.

1. In assessments for benefits in extending an avenue in the city of Pas-
   saic, the report and assessment of commissioners having been returned
   to them by the common council, and another amended report and as-
   sessment being made, there is no authority in the charter for a second
   return to the commissioners.
2. Members of city council will not be competent as witnesses to contra-
   dict their votes in confirmation of the commissioners' report.

| 51 | 109 |
| 55 | 446 |
| 55 | 488 |
| 51 | 109 |
| 57 | 587 |
| 51 | 109 |
| 60 | 408 |
| 51 | 109 |
| f63 | 64 |

3. It requires more than a mere preponderance of proof, where the report
   of commissioners has been ratified by the city council upon objections
   made and heard by them, to set it aside for doubtful benefits. It must
   appear that some rule of law has been violated or be clearly shown
   that injustice has been done.

On *certiorari* to review the report and assessment of commissioners for the extension of Pennington avenue, in the city of Passaic, from Prospect street to Main avenue.

Argued at June Term, 1888, before Justices SCUDDER and REED.

For the prosecutors, *T. M. Moore.*

For the defendants, *George P. Rust.*

The opinion of the court was delivered by

SCUDDER, J.   On the return made to this writ the prosecutors assigned reasons for setting aside the assessments against their land, first, because the commissioners did not comply with sections 69 and 71 of the charter (*Pamph. L.* 1873, *p.* 511), by appointing a time and giving notice of hearing to the parties interested; and, second, because the city council confirmed the assessments, although aware that the required proceedings had not been observed by the commissioners.

In making assessments for improvements the charter (section 69) requires that the commissioners shall make a report in writing of the assessment so made, and, before proceeding to sign the same, shall file the said report in the office of the city clerk for examination by the parties interested therein, and shall give ten days' notice, by publication in two newspapers printed and published or circulating in the city of Passaic, that such report has been deposited as aforesaid, and also of the time and place when and where the parties interested can be heard by the said commissioners; and, after hearing the parties, the said commissioners shall proceed and complete the report and sign the same, and return the report, with all

objections, in writing, which shall be presented to and left with them by any of the parties interested, to the city council.

Section 70 directs that the report be referred to a committee, in case any objections in writing are made to the report, who shall give notice, examine the matter and report to the city council. Section 71 says that the council may correct the report and assessment, if they deem proper, and ratify the same; and every report of assessment which shall be duly ratified by the city council shall be final and conclusive; or they may return such report and assessment to the commissioners, who may have signed the same, "and the like proceedings shall be had when the report is returned as in the first instance."

The report returned with the writ, in this case, says, "that whereas our former report of assessment was returned to us for further consideration, we do report that we have further considered the matter submitted to us and do make a new report of assessment as follows:" setting out their proceedings in full, according to the requirements of the statute; the amount of the several assessments; the notices given; the hearing of all parties, and receiving all written objections, and concludes: "after due deliberation we proceeded to correct this our report (which said corrections are interlined in this our said report in red ink), after which we completed and signed this our report. We herewith return all written objections received by us."

This report is dated July 15th, 1887. It was received by the city council July 18th, 1887, and referred to the street committee, with the objections. This committee recommended that it be referred to a committee of the whole council.

September 29th, 1887, the report of the commissioners was returned to them, on recommendation of the committee, with reasons for alterations.

October 15th, 1887, the commissioners returned the report, with their answer to the reasons given for alteration, concluding with these words: "No specific errors having been pointed out in our report, we can see no valid reason for changing the same."

October 17th, 1887, this entry appears in the minutes of the common council : " Commissioners returned the report with their answer to the objections of the council. Report of commissioners confirmed on call of roll." The vote of the members is given, showing that a majority voted for the confirmation.

It appears by this record, and also in the testimony, that the assessments had been before the council and returned to the commissioners twice. The council yielded their objections and confirmed the report.

I find no authority in the charter for a second return to the commissioners. The objections presented by the prosecutors relate to the proceedings of the commissioners on the second return, for the omission to give the notices prescribed by the statute, the hearing of objections, &c. The report made on the first return by the council to the commissioners appears to be regular in all the formalities required by the statute. The unauthorized return made a second time by the council to the commissioners, and their report without change, or notice to objectors and parties interested, was irregular and ineffectual.

There can be but one return by the common council to the commissioners for correction of their report, and when this is reported back by the commissioners, the only action that can be taken by the council will be to correct the report and assessment, if they deem proper, and ratify the same; or they may ratify it without correction.

They have ratified the report without correction. The irregular return, and report made a second time to the council by the commissioners without any changes made therein, will not affect the validity of the assessments regularly made by the commissioners and ratified by the council.

The further reason, that the majority of the common council did not consider the assessments against the lands of the prosecutors to be just, is contradicted by their votes in confirmation of the report of the commissioners ; and those who have testified to these secret opinions, in opposition to their

votes, are in the position of jurors who will not be allowed to give evidence to impeach their deliberate official action. The policy of such exclusion has long been decided, and for obvious reasons.

The objections that the assessments are in excess of the benefits received, and are not in proportion to benefits, and that all the lands benefited have not been assessed, are founded on the opinions of witnesses who testify on these points. These are met by the unanimous report of the three commissioners, and the testimony of witnesses who substantially agree with them. The assessments made on High street and ·Ascension street appear to have been made for doubtful benefits, in some cases, if not in all. But the opening of a direct thoroughfare to Main street may be an advantage to these streets, which are not in the direct line of the improvement. The commissioners appointed under the statute to determine these matters have acted under their solemn obligation; the common council have ratified their action, and they are sustained by witnesses who have had experience in selling real estate and estimating its value and advantages of location. It requires more than a mere preponderance of proof, under these circumstances, to set aside the report of commissioners and the action of the common council thereon. It must appear that some rule of law has been violated, or that the assessments are so excessive or unreasonable that some rule of law must have been disregarded, through prejudice or misjudgment. It must be shown, clearly, that some injustice has been done before an assessment will be set aside on the facts. *Pudney* v. *Passaic,* 8 *Vroom* 65 ; *Hunt* v. *Rahway,* 10 *Id.* 646 ; *S. C.,* 11 *Id.* 615 ; *Butler* v. *Passaic,* 15 *Id.* 171 ; *Jeliff* v. *Newark,* 19 *Id.* 101.

On the case as it appears before us, the assessments should be affirmed.