THE STATE, SOLON HUMPHREYS ET AL., PROSECUTORS,
  v. THE MAYOR AND COUNCIL OF THE CITY OF
  BAYONNE.

1.  The forty-fifth section of the charter of the city of Bayonne provides
    that when an ordinance for the opening, extending or widening of any
    street or avenue is introduced into the board of councilmen, it shall,
    before its passage, "be referred to the commissioners of assessment
    and a city surveyor not interested in such improvement, who shall
    thereupon make a map of such improvement showing the real estate
    to be taken therefor, and all the property which, in the judgment of
    said commissioners, will be benefited thereby." *Held,* that this provi-
    sion does not prohibit the city surveyor from preparing such maps and
    doing such surveying and engineering work as may be necessary to
    enable the commissioners of assessment to make their *final* assessment
    of benefits for a street improvement; *held further,* that the provision
    referred to applies only in those cases in which the improvement for
    which the assessment is made consists in the opening, extending or
    widening of a street, and not otherwise.
2.  An assessment for benefits will not be disturbed on account of the fail-
    ure of the commissioners to assess all the property benefited by the
    improvement, unless it is made to appear that such failure has operated
    to injure the party complaining thereof by imposing on his lands an
    assessment greater than they would otherwise have been called upon
    to bear.

On *certiorari.* On rule to show cause why assessment for
benefits should not be confirmed.

Argued at February Term, 1897, before Justices GARRI-
SON and GUMMERE.

For the prosecutors, *Van Buskirk & Parker.*

For the defendants, *Thomas F. Noonan, Jr.*

The opinion of the court was delivered by

GUMMERE, J.   The final assessment in the matter of the
improvement of East Twenty-second street, in the city of
Bayonne, having been set aside by this court on the applica-

tion of the prosecutors, and commissioners having been appointed by this court to make a new assessment of the costs and expenses of said improvement, and the said commissioners having made a new assessment, in pursuance of the order of this court, and having filed their report thereof, application is now made for an order confirming the same.

The prosecutors resist the application to confirm the new assessment on several grounds.

The first ground is that the commissioners appointed one Emmett Smith, who was the city surveyor, to prepare the necessary maps and do the engineering and surveying work required by them, in violation of the provisions of the city charter. In support of this objection the prosecutors appeal to section 45 of the charter, which provides that when an ordinance for the opening, extending or widening of any street or avenue is introduced into the board of councilmen, it shall, before its passage, " be referred to the commissioners of assessment and a city surveyor not interested in such improvement, who shall thereupon make a map of such improvement showing the real estate to be taken therefor, and all the property which, in the judgment of said commissioners, will be benefited thereby, designating each lot and parcel on said map by number," &c.

It is a sufficient answer to this contention of the prosecutors to say that the assessment made by the commissioners in this case was neither for the opening, the extending nor the widening of East Twenty-second street, but for the improvement thereof in other ways; and that the making of improvements of the character of those for which this assessment is laid is regulated by the sixty-second and sixty-third sections of the charter, and not by the forty-fifth section thereof, which, consequently, has no application to the matter before us.

But even if it were otherwise, it is manifest, from a reading of the section, that it only prohibits a city surveyor who is interested in a proposed improvement, from acting in matters connected with the preliminary assessment, and does not

prevent him from rendering to the commissioners appointed to make the final assessment such services as they might require of him.

It is further objected by the prosecutors that the assessment put upon their lands is in excess of the benefits received by the improvement. It is enough, on this point, to say that the proofs offered by the prosecutors in support of this contention are not of such a character as to justify this court in refusing to confirm the assessment. There is nothing which suggests that the commissioners, in making their assessment, have disregarded any rule of law or been influenced by prejudice. An assessment will not be set aside because the commissioners might reasonably have reached a conclusion different from that at which they arrived. It must be made to appear affirmatively that their conclusion is erroneous. It is their judgment of the amount to which property has been benefited, and not that of third persons who are called as witnesses, which is controlling; and, in order to warrant this court in interfering with their action, it must appear, as was said in *Hegeman* v. *Passaic,* 22 *Vroom* 109, " that some rule of law has been violated or that the assessments are so excessive or unreasonable that some rule of law must have been disregarded through prejudice or misjudgment. It must be shown clearly that some injustice has been done before an assessment will be set aside on the facts."

The only other ground upon which the prosecutors seek to contest the confirmation of this assessment is that the commissioners did not assess all the lands which have been benefited by the improvement. But it is settled in this court that an objection of this kind will not be sustained unless it is made to appear that the failure of the commissioners to assess *all* property benefited has operated to injure the prosecutor by imposing on his lands more than a proper assessment. *Righter* v. *Newark,* 16 *Vroom* 104, 109 ; *Davis* v. *Newark,* 25 *Id.* 145, 147. In the present case, as has already been stated, the evidence fails to show that the assessment placed

upon the property of the prosecutors is in excess of the benefits received from the improvement.

But even if the contrary had appeared it would have been too late, after the final assessment had been made, to have taken advantage of the error. The charter of Bayonne (section 62) provides that where an improvement, such as is involved in this case, is about to be made, the commissioners of assessment shall first "cause a survey and preliminary map to be made of said improvement, distinguishing each lot or parcel by numbers on said map, and they shall estimate the whole cost of said improvement according to the best of their judgment, and shall assess such estimated cost *upon the lands and real estate benefited in proportion to the benefits received*, and report the names of the owners of the lots or parcels with the amounts assessed to each, and file said report and map with the clerk of the city within twenty days thereafter." By the same section it is provided that the clerk shall give notice of the filing of the map and report in the manner therein specified. The sixty-fourth section of the charter provides "that all expenses and cost of proceedings for such improvements, when the same shall be completed, shall be assessed by the commissioners of assessment *upon, and be paid by, the lands and real estate benefited by the improvement*, in proportion to the benefit received by said lands and real estate." *Pamph. L.* 1872, *pp.* 717, 719.

Evidently one of the objects to be attained, in requiring a preliminary assessment to be made, and notice thereof to be given, was that the owners of property upon which the assessment was to be laid might be apprised not only of the probable cost to them of the improvement, but also be afforded an opportunity of ascertaining whether in fact *all* property which would be benefited thereby would be called upon to bear its proportion of the expense thereof; so that, if any legal objection to the *extent* of the assessment existed, it might be taken before the expense of making the improvement had been incurred. This, it seems to me, is made manifest by the fact that both the preliminary and the final assessment are to

be made upon the same property, viz., "upon the lands and real estate benefited by the improvement."

The charter provision being that the final assessment should conform to the preliminary one, so far as the lands to be embraced therein are concerned, and the parties interested therein having been advised by the preliminary assessment of the lands upon which the final assessment would be laid, they cannot sit by, after receiving such notice, and permit the improvement to be made, and then take advantage of the error of the commissioners in omitting lands which have been benefited thereby and which should therefore have been included in the assessment. And this is equally true whether the assessment is made by the commissioners of assessment created by the charter or by commissioners appointed by this court.

The assessment should be affirmed, with costs to the defendants.